FRANK DUFF FRAZIER, *Appellant,* vs. BRENDA FRAZIER, WATRISS, *Appellee.*

139 So. 189.

Division B.

Opinion filed January 14, 1932.

*Wideman, Wideman & Wardlaw,* of West Palm Beach, for Appellant;

*Fred M. Valz* and *Robert H. Anderson,* of Jacksonville, for Appellee.

## On Rehearing.

**Per Curiam.**—On petition for a rehearing, it is suggested that this Court denied supersedeas of an order in a chancery cause awarding the custody of the child, Diana Duff Frazier, to appellee, without affording appellant a reasonable opportunity to file counter affidavits to certain affidavits which had been filed at the oral argument by appellee in resisting the supersedeas for which appellant was applying.

Since appellee's affidavits were not considered by this Court in making its order denying appellant a supersedeas, the petition for rehearing should not be granted on that ground, as any rebuttal affidavits by appellant would have been immaterial in the consideration of appellant's motion for supersedeas, insofar as appellee's affidavits in resistance thereof are concerned.

The order of the Circuit Judge which is appealed from, appears to have been made after an investigation of the facts which occupied the attention of the chancellor for several years. Much of the testimony was heard by the chancellor personally. After the chancellor had made his order, which affords the basis of the appeal, an application was made to him to fix the amount of a supersedeas bond in order to supersede such order, and this the chancellor refused to do, hence the application of appellant to this Court for a supersedeas.

It appears from the record that the custody of a female child about ten years old is involved in the application for a supersedeas pending the determination of appellant's appeal. The custody of this child was the precise matter with regard to which the primary judgment of the chancellor has been exercised. Upon an application for a mandamus to compel the Circuit Judge to fix the amount of a supersedeas bond, this Court denied it on the ground that the action of the chancellor with regard to fixing a supersedeas bond and allowing a supersedeas of the order

made, was within his discretion and not a matter of right. See State ex rel. Frazier vs. Chillingworth, decided at this term.

For us to intervene by granting supersedeas of the chancellor's order in advance of a decision on the merits of the appeal itself, will involve a careful study of the hundreds of pages of the record on which a decision by us with regard to the custody of the child, both pending the appeal and afterward, must be grounded. Not wishing as an incident to the application for supersedeas (97 Fla. 28), to pass upon the merits of the appeal in the absence of full argument and briefs, we have heretofore denied a supersedeas, on an application heard by the whole court.

This is a chancery proceeding supplementary to a divorce decree between the appellant and appellee. The result is an interlocutory order fixing, as between the natural father and the mother of a female child of tender years, the custody thereof by awarding such custody to the child's own mother. It appears, as has been before stated, that the order made was arrived at by the chancellor after fully investigating the facts and considering voluminous testimony taken over a period of several years, after which the child's custody was ordered changed from the father, who had been awarded part time custody, to the mother.

The statute provides that "no appeal from any interlocutory decision, judgment or decree of the Circuit Court sitting as a court of equity shall operate as a supersedeas unless the judge of the Circuit Court or a Justice of the Supreme Court shall, on an inspection of the record, order and direct a stay or proceedings," upon the giving of bond. In such appeal therefore a supersedeas is not a matter of right or of course; but supersedeas orders may be made or denied in the exercise of judicial discretion, "on an inspection of the record." Par. 2 Sec. 4962 (3170) C. G. L.

Where an appeal is from a decree in chancery adjudicat-

ing the custody of minors, a matter in which the chancellor has wide but not unlimited discretion, a supersedeas order will not be granted by the appellate court unless it appears by the record that the custody adjudged in the decree appealed from is clearly not for the best interests of the minor or that for special reasons the custody awarded should not be made effective pending the appeal. There may be other considerations in particular cases to guide the exercise of judicial discretion in applications for supersedeas orders. An appropriate consideration of the record in this case, on an application for a supersedeas order, does not indicate that the decree appealed from is clearly not for the best interests of the minor and no special reasons appear for suspending the operation of the decree pending this appeal. The grant or denial of a supersedeas order does not necessarily indicate what the decision of the appellate court will be on the merits after adversary argument and mature consideration.

For the reasons pointed out, the application of appellant for a supersedeas had been properly denied, and the application for a rehearing should likewise be denied.

Rehearing denied.

BUFORD, C.J. AND WHITFIELD, ELLIS, BROWN AND DAVIS, J.J., concur.

TERRELL, J., not participating.